UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK SMITH, | No. 2:18-cv-0347 DB P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN, DEUEL VOCATIONAL INSTITUTION, | |
| Defendant. | |

Plaintiff is a county inmate[1] proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants have violated his right to access the courts and his right to adequate medical treatment under the Eighth Amendment. Presently before the court is plaintiff's motions to proceed in forma pauperis (ECF Nos. 7, 10, 13), his motion for an extension of time to file an application to proceed in forma pauperis (ECF No. 12), and his complaint for screening (ECF No. 1).

**IN FORMA PAUPERIS**

In response to the court's order to pay the filing fee or request leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, plaintiff filed three motions to proceed in forma pauperis.

---

[1] Based on the return address listed on plaintiff's recent filings, it appears plaintiff is presently incarcerated at San Joaquin County Jail. (ECF Nos. 5, 7.)

1

(ECF No. 7.) Plaintiff filed an inmate trust account statement with the complaint; however, the certificate portion of the request which must be completed by plaintiff's institution of incarceration was not filled out. (ECF No. 2.) Plaintiff has now filed three applications to proceed in forma pauperis, but did not include a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint along with any of the applications. See 28 U.S.C. § 1915(a)(2).

Plaintiff also filed a motion requesting an additional form requesting to proceed in forma pauperis. Plaintiff's motion requesting forms will be granted and the Clerk will be directed to send plaintiff a new application to proceed in forma pauperis. Plaintiff will be provided the opportunity to submit a completed in forma pauperis application and a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of his complaint in support of his application. Plaintiff is warned that failure to pay the filing fee or submit a properly completed in forma pauperis application will result in a recommendation that this action be dismissed.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

////

3

concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Allegations in the Complaint**

Plaintiff claims the events giving rise to the claim occurred while he was incarcerated at Deuel Vocational Institution. (ECF No. 1 at 1.) He names as defendants: (1) Knight; (2) Wade; (3) Casarez; (4) Thao; (5) Rotchford; (6) Nowling; (7) Gomez; and (8) "other unnamed L-Wing staff." (ECF No. 1 at 2.)

Plaintiff states the facility where he is presently housed considers his appeals excessive. (ECF No. 1 at 3.) He further alleges a "campaign of harassment," stating he does not have access to education such as a paralegal course or the ability to hire an attorney. It appears he considers these denials to be a violation of his right of access to the courts. He additionally claims his Eighth Amendment right have been violated because he has been denied access to water and officials have failed to treat his pain.

He requests damages and an injunction ordering money to be taken from his inmate account so that he can hire an attorney and allow him to enroll in Blackstone Career Institute paralegal program.

**III.    Does Plaintiff State a Cognizable § 1983 Claim?**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

**A. Access to the Courts**

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2001) overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to bringing complaints to federal court in direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). It is not a right to discover such claims or to litigate them effectively once filed with a court. Id. at 354-55.

A plaintiff must show he suffered an "actual injury," i.e. prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Id. at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

The right to litigation assistance "is limited to the tools prisoners need 'in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement.'" Silva, 658 F.3d at 1102 (quoting Lewis, 518 U.S. at 355).

Plaintiff's allegations fail to state a claim for violation of his right to access the courts. The prison is under no obligation to provide him with a lawyer or educational courses. Further, plaintiff has failed to state facts showing that he has suffered an actual injury that has hindered his pursuit of a legal claim. In any amended complaint, plaintiff must state facts showing that a named defendant interfered with his right to access the courts causing him to suffer an actual injury with respect to his pursuit of a criminal appeal, habeas petition, or civil rights action.

**B. Eighth Amendment**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

////

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Here, plaintiff has concluded that defendants violated his rights under the Eighth Amendment, but has not alleged any facts to support that conclusion.  However, in order to state a cognizable claim plaintiff must allege facts showing that a named defendant was aware that plaintiff had a serious medical need, that defendant failed to provide plaintiff with adequate medical care, and that plaintiff was harmed by the failure.

**C.  Linkage Requirement**

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  To state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

A plaintiff must clearly identify which defendants he feels are responsible for each violation of his constitutional rights and the factual basis.  The complaint must put each defendant on notice of plaintiff's claims against him or her.  See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).  Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v.

Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may not support essential elements of the claim that were not initially pled. Id.

Plaintiff has failed to allege facts showing how each named defendant violated his rights. Accordingly, he has failed to state a claim against any of the named defendants.

## IV. Leave to Amend

As set out above, plaintiff fails to state a cognizable claim and he will be given the opportunity to amend the complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended compliant must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.

////

R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion requesting in forma pauperis forms (ECF No. 12) is granted;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner;

3. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 11, 13) are denied without prejudice;

4. Plaintiff shall submit, within thirty days from the date of this order, a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court; and

////

5. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

6. Plaintiff's complaint is dismissed with leave to amend.

7. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

8. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 25, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/Orders/Prisoner-CivilRights/smit0347.scrn+3a